SARAH J. GRIFFITHS, Appellee, v. J. J. SMITH, Administrator, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Claims—Primary Liability of Husband for Care of Wife. A daughter who, not being a member of her mother's family, renders services to the mother during her last years of helplessness, at the implied request of the stepfather, may recover from the estate of the latter, even though the daughter (1) never filed any claim against the mother's estate, and (2) received a conveyance of the stepfather's interest in the mother's estate under an agreement to pay all "indebtedness" against the *mother's* estate.

*Appeal from Wapello District Court.*—F. M. HUNTER, Judge.

JUNE 25, 1921.

THE defendant, administrator of the estate of Evan Jones, deceased, appeals from the judgment of the district court allowing a claim made against such estate by the plaintiff.—*Affirmed.*

*J. J. Smith,* for appellant.

*Frank T. Roberts* and *Roberts & Webber,* for appellee.

WEAVER, J.—Evan Jones, deceased, and his wife, Jane, were married in 1906. By a former marriage, the wife had a daughter, Sarah J. Griffiths, who was then of adult years, with a family and separate home of her own. Mrs. Jones was a woman in frail health, and died intestate in January, 1914. She left a small estate, consisting of about 30 acres of land. For several years before her death, sickness, aggravated by a physical injury, rendered her practically helpless, and necessitated the service of some person to assist in caring for her and her household. Her daughter, the plaintiff, living in the neighborhood, concededly performed this service, and, while keeping up her own home, also took care of her mother and the work of the

house of her mother and stepfather. This situation continued
for several years, the amount of service naturally increasing
with the increasing debility and helplessness of the sick woman.
Jones often sent for plaintiff to come to his help, and would
often drive her back and forth between the homes in his carriage.
Shortly after his wife's death, Jones, who was a native of Wales,
converted his property, or most of it, into money, and prepared
to make an extended visit to his native country. Leaving most
of his means deposited in a local bank, and taking about $3,000
with him, he embarked for Wales on the steamship Lusitania,
and, with the most of its ill-fated passengers, perished when that
vessel was torpedoed off the Irish coast.

Plaintiff was at no time a member of the Evan Jones family,
and was not supported by him or his wife during the time for
which she claims compensation. She filed no claim against the
estate of her mother, and makes none now. Very soon after an
administrator had been appointed for the estate of Evan Jones,
plaintiff filed a claim for the services above mentioned, alleging
they were rendered at Jones's request, and that they were of the
reasonable value of $1,820. The administrator refused to allow
the claim, and filed answer thereto, denying that the services
were rendered at the request of Evan Jones, and alleged that
such services as were rendered were only those which a daughter
would ordinarily and naturally render to her sick mother, with-
out expectation of compensation. This was the only issue pre-
sented until the case was called for trial, when defendant
amended his answer, alleging that the services were rendered
for the mother, and that, if anything was due therefor, it con-
stituted a charge against the mother's estate, and not against
the estate of Evan Jones; that, after the death of the mother,
Evan Jones, having a statutory interest in the land of which
she died seized, conveyed the same by deed to the surviving
children of his deceased wife (including the plaintiff herein),
and, in consideration of such conveyance or relinquishment, the
grantees assumed and agreed to pay all the indebtedness exist-
ing against her estate.

On these issues, the case was tried to the court without a
jury, which approved and established the claim. The defendant
appeals.

Except for the legal question sought to be raised by the amendment to the answer, the defense is purely formal and perfunctory. No evidence whatever is offered in resistance of the claim, except the deed from Evan Jones to his wife's children, relinquishing his claim as surviving husband, and their assumption of the "indebtedness against Jane Jones's estate." There is no effort whatever to show that the alleged services were not performed, or were not worth every dollar allowed the plaintiff therefor. The mere fact that plaintiff was the daughter of Jones's wife, and that she might be willing to care for her mother without making any claim against her estate, did not relieve Evan Jones of his natural and legal duty to provide home, care, support, and nursing for his sick wife. His was the primary duty to furnish all the needed care, support, and help which her condition required; and, when he expressly or impliedly requested the plaintiff to meet these wants and supply these needs, the law imposed upon him the obligation to pay therefor. That he did solicit and request such services has sufficient and convincing support in the record. Were Evan Jones still living, and resisting payment for service rendered his sick wife, for medical services rendered her in her lifetime, for funeral expenses, and other items of that nature, no lawyer would advise him that, because his deceased wife left an estate from which, under the statute, these creditors could collect their debts, their failure to do so would be any defense to the enforcement of their claims against him, or that even their express waiver of any claim against his wife's estate would inure in any way to his benefit. Such claims, though enforcible against the wife's estate by reason of the statute, are not an "indebtedness," though they may be made a charge upon her estate. Upon no principle of law and by no subtlety of reasoning can the agreement of the children of Jane Jones to assume payment of the "indebtedness against their mother's estate" be tortured into a release of Evan Jones or of his estate from his primary liability to pay the legitimate expenses of his own household, or for the care and nursing of his wife, furnished at his own request.

There is no merit in the defense made. It is suggested that the allowance is excessive. It comes with rather poor grace for

the appellant to make this claim at this stage of the proceedings, in face of the fact that not a word of testimony was offered to show that the services were not, in fact, rendered, or that their value was materially less than the estimate put upon them by plaintiff or by her witnesses. This court cannot undertake, on its own motion and without evidence on the subject, to reduce the allowance. The proceeding is at law, and the findings of the trial court have all the force and effect of a jury verdict. There is no reversible error in the record, and the judgment of the district court is—*Affirmed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.